UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PARIS PEDRAMI                                        CIVIL ACTION

versus                                               NO. 06-9148

ALLIANCE INSURANCE AGENCY SERVICES, INC.             SECTION: E/3
and LOUISIANA CITIZENS FAIR PLAN

## ORDER AND REASONS

Plaintiff Paris Pedrami's ("Pedrami") motion to remand to the Civil District Court for the Parish of Orleans is before the Court.  Record document #3.  Defendant Alliance Insurance Agency, Inc., ("Alliance") opposes the motion.  After considering the motion, memoranda, the record and the law, the motion to remand is GRANTED.

## FACTS AND PROCEDURAL BACKGROUND

Pedrami's home in New Orleans was damaged by Hurricane Katrina.[1]  Pedrami had homeowner's insurance through defendant Louisiana Citizens Fair Plan ("Citizens"), and flood insurance through Traveler's Insurance, both procured through Alliance. All parties to this suit are Louisiana citizens.  According to the Petition, Citizens failed to fairly and properly adjust the claim under the homeowner's policy, and Alliance, *inter alia*, failed to properly advise Pedrami and to procure adequate flood insurance.  Pedrami filed suit in state court against defendants; Alliance removed the suit to federal court alleging federal question jurisdiction.  Alliance argues that Pedrami's lawsuit

---

[1] See, generally, Petition for Declaratory Judgment and Damages.

involves a claim under a Standard Flood Insurance Policy which is governed exclusively by the National Flood Insurance Act and federal law, 42 U.S.C. §401 *et seq.* Alliance also filed a motion for summary judgment. Record document #6.

## ANALYSIS

A civil action filed in a state court may generally be removed if the federal court has original jurisdiction. 28 U.S.C. §1441(a). Statutes conferring removal jurisdiction are strictly construed in favor of remand. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 61 S.Ct. 868 (1941); <u>Manguno v. Prudential Property and Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002). The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. <u>De Aquilar v. Boeing Co.</u>, 47 F.3d 1404, 1408 (5th Cir. 1995).

In its memorandum in opposition to the motion to remand, Alliance argues at length that, notwithstanding judicial opinions in this district to the contrary, all flood claims, including a claim of failure to procure flood insurance, are or should be perempted by federal law. This Court disagrees with Alliance, and agrees with the other courts in the Eastern District holding that claims for failure to procure flood insurance do not fall under federal question jurisdiction. <u>Landry v. State Farm Fire & Casualty</u>, 428 F.Supp.2d 531, 533-535 (E.D.La. April 25, 2006)(Fallon, J.); <u>Cosse v. B.G. Matte</u>, 2006 WL 1968868, *2

(E.D.La. July 7, 2006)(McNamara, J.);  <u>Nash v. Harry Kellerher & Company, Inc.</u>, 2006 WL 2644960, *3 (E.D.La. Sept. 14, 2006)(Africk, J.)("[O]nly claims for the actual handling of NFIP policies, as opposed to claim of negligence in their procurement, present federal questions.")

Alliance has not met its burden of showing that removal was proper.  This Court does not have subject matter jurisdiction and does not reach Alliance's motion for summary judgment.

Accordingly,

**IT IS ORDERED** that Pedrami's motion to remand is **GRANTED**, and the captioned matter, C.A. 06-9148, is hereby **REMANDED** to the Civil District Court for the Parish of Orleans for lack of subject matter jurisdiction.

New Orleans, Louisiana, January 31, 2007.

**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge